New Orleans Water-Works Co. *v.* Ernst and others. Same *v.* Maginnis Oil & Soap Works. Same *v.* Ruch. Same *v.* New Orleans C. & L. R. Co.[1]

*(Circuit Court, E. D. Louisiana.* **June 15, 1887.)**

1. WATER COMPANY—EXCLUSIVE PRIVILEGES.

An injunction will not issue to prevent defendants from procuring water from a river in pipes, in a city where the exclusive privilege to do so has been granted to a company, when such company has no mains, or no adequate mains, for the delivery of water in sufficient quantities for the wants of the defendants.

2. SAME—"CONTIGUOUS PERSON"—LOUISIANA STATUTE.

The charter of the New Orleans Water-Works Company (Acts La. 1877, p. 51) provides. in section 18, "that nothing in this act shall be so construed as to prevent the city council from granting to any person or persons, contiguous to the river, the privilege of laying pipes to the river, exclusively for his or their own use." The supreme court of the United States decided in *Water-Works Co. v. Rivers,* 115 U. S. 674, 6 Sup. Ct. Rep. 273, that the proprietor of a building five blocks from the river was not "a contiguous person." Therefore no lot can be contiguous unless it actually fronts on the river, or is separated from the river only by a public highway, with no private owner intervening, or, possibly, on a block or square so situated.

On Rule *Nisi* for Injunctions.

*J. R. Beckwith,* for complainant.

*B. Frank Jonas* and *J. O. Nixon, Jr.,* for Ernst & Co. and Louis Ruch.

*W. S. Benedict,* for Maginnis Oil Co.

*Geo. H. Braughn, Chas. F. Buck, Max Dinkelspeil,* and *W. O. Hart,* for New Orleans C. & L. R. Co.

BILLINGS, J. Two questions are presented in addition to those already passed upon by former decrees in this court:

1. Whether an injunction shall issue when the complainant has no mains, or no adequate mains, for the delivery of water in sufficient quantities for the wants of the defendants. This question must be answered in the negative, from the very title of the act under which the complainants claim, which is as follows: "No. 33. An act to enable the city of New Orleans to promote the public health, and to afford greater security against fire, by the establishment of a corporation to be called the 'New Orleans Water-Works Company,'" etc. It cannot be that it was the intention of the legislature to deprive any person of, or to limit any person in, the use of water by the exclusive right given to complainant. The object of the grant, and the creation of the water-works corporation, was to furnish, and not deprive of, water. The clause in complainant's charter which requires it to lay mains in streets whenever the water rates in any street of petitioners amount to 10 per cent. per annum of the cost of laying mains, was intended to give the citizens an additional right, and by no means takes away their

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

right to supply themselves with water if the complainants have not the facilities therefor. Wherever, therefore, the complainant has no mains on the street on which the defendants' property supplied, or to be supplied, with water is situated, or wherever there are mains, but they are inadequate to furnish the amount of water requisite for the defendants' use, the injunction is refused. Whenever the defendants desire, the matter as to whether there are mains, or whether they are adequate, may be referred to a master to take the evidence, and report the same, with his conclusions, to the court.

2. As to the clause with reference to "contiguous persons." The grant is (section 5) "of the exclusive privilege of supplying the city of New Orleans and its inhabitants with water from the Mississippi river, or any other stream or river, by means of pipes and conduits." The charter further provides (inter alia) that the water-works company "may have the right to levy and place any number of conduits or pipes or aqueducts, and to cleanse and repair the same, through or over any of the lands or streets of the city of New Orleans." Section 18 of the charter provides "that nothing in this act shall be so construed as to prevent the city council from granting to any person or persons, contiguous to the river, the privilege of laying pipes to the river, exclusively for his or their own use."

In *Water-Works Co.* v. *Rivers*, 115 U. S. 674, 6 Sup. Ct. Rep. 273, the supreme court decided that the proprietor of the St. Charles Hotel was not "a contiguous person." The St. Charles Hotel is five blocks from the river. It being settled that it is not contiguous, it seems to me that no lot can be contiguous unless it actually fronts on the river, or is separated from the river only by a public highway, with no private owner intervening, or possibly on a block or square so situated. There is no line of demarkation short of this; for, in a broad sense, the whole city of New Orleans is contiguous to the Mississippi river.

I think that the question of contiguity must have been meant to be determined by present circumstances. The limitation in the eighteenth section of the charter presupposes a right already existing which is recognized, not created. If an owner had been, but is not now, within the meaning of the term, "contiguous," as here used, his former right would have passed from him along with all other rights dependent upon continued, present contiguity. It follows, no one of the defendants is a person contiguous to the Mississippi river except Louis Ruch. His property is separated from the river only by a street or public highway, and he is a "contiguous person."

3. As to the price to be charged for the delivery of water. The supreme court of our state have construed the provision of the charter as to what should be the maximum price or rate. This rate must not be exceeded.

The injunction is refused as to defendant Ruch, and as to the defendant the New Orleans City Railroad Company, to the extent to which there are no mains on the street adjacent to the places where they require and obtain water. In the other cases the injunction will issue.

The injunction will be conditioned that the rate of the charge shall in no case exceed that established by the supreme court, and a defendant may at any time apply to the court for an order to enforce this condition.