### STEIN, Ex'r, *v.* BIENVILLE WATER SUPPLY CO.

*(Circuit Court, S. D. Alabama.  December 2, 1887.)*

1. INJUNCTION—WHEN GRANTED—INCONVENIENCE RESULTING.

In 1840, the city of Mobile granted to plaintiff's testator the exclusive right to supply the city with water for 20 years, or until the city should redeem his works built for that purpose. In 1883, defendant company was chartered, and began supplying the city with water. Plaintiff filed a bill to enforce the monopoly granted his testator, and applied for an injunction *pendente lite* restraining defendant from supplying water. *Held*, that the injunction must be refused, as liable to cause harm of serious character to the people of the city, and the plaintiff will have leave to renew the application on final hearing of the bill.

2. SAME—INFRINGEMENT OF FRANCHISE—INTERFERENCE WITH WORKS.

In such case, however, the court will grant an injunction restraining the defendant from injuring, or in any way interfering with, any pipes, conduits, or mains constructed pursuant to the agreement between the city and the plaintiff's testator.

On Application for Injunction *pendente lite.*

The bill in this cause was filed April 25, 1887, by Louis Stein, as executor of Albert Stein, deceased, and sought to enjoin the defendant from laying mains and pipes in the streets of Mobile, and from conducting water to that city and supplying the inhabitants therewith.

Beginning with 1820, several attempts were made by public and private enterprises to supply the city of Mobile with water, but these met with little success. The first attempts went little further than the definite selection of the head of Three-Mile creek, near Mobile, as the source of supply, and the laying of bored logs with three and six-inch holes. The privileges granted were in each case limited as to time, and, on the failure of the different plans, the rights of the promoters were by the legislature vested in the city of Mobile. December 26, 1840, an agreement was entered into by the city and Albert Stein, (confirmed January 7, 1841, by the legislature of Alabama,) whereby the city granted him "the sole privilege of supplying the city of Mobile with water from the Three-Mile creek for twenty years," and agreed at such time to redeem the water-works from him at a valuation to be fixed by arbitration. The agreement continues: "During the said term of twenty years, or any further time until said works are redeemed as above stipulated, said Stein shall have the exclusive privilege of supplying to the citizens and inhabitants of the city of Mobile water from the water-works aforesaid," at certain rates, and have quiet possession of the said works. Stein, on his side, agreed to construct the water-works within two years, "so that the said city of Mobile, and the inhabitants thereof, may at all times

be supplied with such a quantity of water as may be procured through the said pipes as far as they are laid." He constructed his system of water-works, and, through eight and ten inch mains, introduced into the city water of excellent character. No attempt has ever been made by the city to redeem these works before or after Stein's death, in 1874. On February 19, 1883, the legislature, reciting the necessity for a· more adequate supply of water for Mobile, incorporated the defendant company. This company, after some delay, organized, and, selecting Clear creek, some miles more distant than Three-Mile creek, rapidly constructed extensive dams and reservoirs, laid mains of 24-inch caliber to Mobile, and soon had the city honey-combed with its pipes.

The bill was filed to enforce a monopoly claimed by Stein. May 10, 1887, Stein applied to Hon. DON. A. PARDEE, circuit judge, Fifth circuit, for an injunction *pendente lite*, and on June 6, 1887, the application was refused, but with leave to renew the application before Mr. Justice HARLAN, circuit justice. The application was made October 12, 1887, to said circuit justice at Washington, by agreement of counsel, and resisted on answer and affidavits, claiming that, if there was any monopoly, it was the monopoly of the supply from Three-Mile creek, with which the defendant had not in the least interfered; that Stein never had conformed to his contract; that the city had outgrown his works and ability; and that the public health and protection from fires required a larger and better distributed water supply, such as only the defendant could furnish. The answer admits that there had been unavoidably some slight but unintentional injury to Stein's pipes in laying the new and larger ·ones, but insists that all such damage had been immediately repaired. At the time of the application to Judge PARDEE the Bienville Company was engaged in laying its pipes, but by the time the renewed application was made to Justice HARLAN that work was complete, and the company was supplying many citizens and industries with water and motive power. At the time of this application the defendant had already demurred to the bill, but the complainant had never set the demurrers down for argument at any definite time.

*L. H. Faith* and *W. Hallett Phillips*, for complainant.
*M. Hamilton* and *Overall & Beator*, for respondent.

HARLAN, Justice. This case is before me upon complainant's application for an injunction, pending the suit, to restrain the defendant, its officers, agents, servants, and employes, from digging trenches and laying mains and pipes in the streets and public ways of Mobile, for the purpose of bringing and conducting water into that city; from supplying such water to the city and its inhabitants; and from hindering and molesting complainant in supplying that city and its people with water under the agreement of December 26, 1840, and the act of January 7, 1841.

The application ought not to be granted in the form asked by the complainant. I do not, at this time, make any ruling as to the true construction of the agreement of 1840 and the act of 1841; for there is sufficient ground, apart from the merits of the case, for my refusal to

grant a preliminary injunction to the full extent asked. The affidavits filed by the parties render it doubtful, to say the least, whether the city and people of Mobile have such a supply of water by the Stein works as is demanded by the public health and the public safety. The discretion which the court always has in granting or refusing preliminary injunctions ought to be exercised so as to avoid possible harm of a serious character to the general public. An injunction might do an injury to the public not easily to be repaired. But the complainant is entitled to an injunction restraining the defendant from interfering with or injuring any pipes, mains, or conduits already constructed, or to be hereafter constructed, under the agreement of 1840, confirmed by the act of 1841.

It is therefore ordered that the application of complainant for a preliminary injunction restraining the defendant from supplying the city and inhabitants of Mobile with water by means of pipes, mains, and conduits constructed by it be denied; but this order is without prejudice to his right, on the hearing of the demurrer to the bill, or at the final hearing, to renew his application for an injunction against the defendant as prayed for in his bill. It is further ordered that an injunction be awarded restraining the defendant, its officers, servants, agents, and employes, from molesting, interfering with, or injuring the mains, pipes, conduits, or other contrivances now constructed, or hereafter to be constructed, for the purpose of supplying the city and its inhabitants with water, pursuant to the agreement of December 26, 1840, between said city and Albert Stein.