THE INHABITANTS OF THE CITY OF BORDENTOWN, DEFENDANTS IN ERROR, v. WILLIAM ANDERSON ET AL., PLAINTIFFS IN ERROR.

Argued November 17, 1910—Decided March 6, 1911.

A water company agreed to supply water to a consumer at a fixed annual price. Subsequently it conveyed a large part of its property, including its pipes and franchises, to the city, but retained some of its property, including real estate with the reservoirs and pumping building thereon. The city then sought to recover the reasonable value of water furnished thereafter. *Held*, that the city was not bound by the contract of the water company and was entitled to recover the reasonable value of the water furnished by it.

On error to the Supreme Court.

This is an action to recover the reasonable value of water supplied by the city of Bordentown to the defendants. It was tried before Judge Lloyd without a jury. He found that the plaintiffs supplied the defendants with water to the value of $350.22; that the defendants, prior to the introduction of the city water-supply, had been furnished with water by a private company, the Bordentown Reservoir and Water Company, under contract for $150 per annum, which had nearly five years to run. The city had bought of the water company all of the water works, including all its property and pipes, easements and personal property used in connection therewith, and all the corporate rights, powers, franchises and privileges of the water company, with the exception of the books of account and cash in bank and the real estate with the reservoirs thereon and the pumping buildings thereon, with the boilers therein. The city had no knowledge of the contract between the water company and the defendants. Immediately after taking possession the collector for the city presented a bill at the old rate, which had been charged by the water company, but the sending of this bill was disavowed, and, subsequently, the city sought to charge the increased rate. Upon these facts judgment was rendered in favor of the city for $350.22.

For the plaintiff in error, *Joseph H. Gaskill.*

For the defendant in error, *Edward Ambler Armstrong.*

The opinion of the court was delivered by

SWAYZE, J. As the trial judge said in his conclusions, there was no privity of contract between the city and the defendants. The theory of the defendants seems to be that, since the city has acquired part of the water company's plant, which was essential to the carrying out of the contract by the water company, the city has thereby become obligated in the same way as the water company. A distinction must, of course, be made between the duty to supply water and the obligation of the contract to supply the water at a particular price. The former is a public duty, to be enforced by *mandamus.* Where the price

is a matter of contract, it is to be governed by the ordinary rules relating to contracts. The only theory upon which it could be held that the burden of this contract made by the water company is now to be imposed upon the city, is that it is a contract running with the land; but this view is quite untenable, first, because the water company conveyed only a portion of its land, and the portion retained was quite as essential to the performance of this contract as the portion conveyed; and second, because of the general rule which, except between lessor and lessee, or in cases where a right in the nature of an easement is created, prevents the burden of a covenant from running with the land, even in cases where the benefit might. *National Bank at Dover* v. *Segur*, 10 *Vroom* 173; *Costigan* v. *Pennsylvania Railroad Co.*, 25 *Id.* 233; *M. & E. R. R. Co.* v. *Hoboken, &c., Railroad Co.*, 2 *Robb.* 328, 340. .

It is also argued that the effect of the judgment in this case was to impair the obligation of the contract between the water company and the defendant and to deprive the defendant of a remedy, contrary to paragraph 3, section 7, article 4 of the state constitution. This position is equally untenable. The constitutional restriction relates only to legislative action, and there is no legislative action in this case which has impaired the obligation of the contract or deprived the defendant of a remedy for enforcing a contract. Moreover, the constitution only forbids the legislature to pass a law impairing the obligation of contract, and the obligation of the contract between the water company and the defendants is in no way impaired; it still remains, and the defendants can enforce the contract in the ordinary way by an action for damages. The water company is not dissolved; it seems to retain some of its assets, and for aught we know the defendant may be able to recover full satisfaction from the water company; but whether they can or not, they have the same legal right as they had before the conveyance to the city, and if they are prevented from recovering full satisfaction it is for the same reason that anyone is prevented where his debtor is unable to pay. The conveyance to the city seems to have been for a full consideration and in perfect good faith. It is said, however, that the defendant is deprived of

the remedy by *mandamus*. It has, of course, the same remedy that it always had; the only difference is the difficulty of enforcing it. The constitutional provision forbids only legislation depriving a party of a remedy for enforcing a contract which existed when the contract was made. *Mandamus* is a remedy for enforcing a public duty which may arise out of contract, but the remedy is not to be regarded as a remedy for the breach of the contract.

Whether the presentation of a bill at the old rate amounted to an adoption of the contract between the water company and the defendants was a question of fact. The trial judge found that the action of the collector was unauthorized. There was evidence to sustain this view. In fact, there was an absence of evidence to show any authority, and we are bound by the finding.

We think the Supreme Court was entirely right in affirming the judgment entered in the Circuit Court, and this judgment must, therefore, be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, MINTURN, BOGERT, VREDENBURGH, VROOM, CONGDON, JJ. 11.

*For reversal*—None.