# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

### ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

MARCH TERM, 1921.

———————

TOWN OF KEARNY

*v.*

MAYOR AND COUNCIL OF THE CITY OF BAYONNE et al.

[Decided June 20th, 1921.]

1. Whether or not a statute confers upon a municipality the exclusive right to furnish water to individuals or corporations occupying property within its territorial limits is a purely legal question, which must be determined primarily by a court of law.

2. A party is not entitled to a preliminary injunction when the alleged right upon which he founds his claim is a purely legal one, and is, as a matter of law, unsettled.

3. Where the nearest point of a town's water distributing system was over four miles from the properties of certain corporations located within the town's limits, and the town had no mains for supplying water to those properties, and had taken no steps toward extending its mains

thereto, it cannot restrain the execution of contracts betwcen such corporations and another city for the furnishing of water, since the performance of such contracts cannot work any present injury to the town, though it has the exclusive right under the law to furnish water to such corporations.

4. A preliminary injunction will never be ordered unless from the pressure of a present urgent necessity; and the damage threatened which it is legitimate to prevent during the pendency of the suit, must be, in an equitable point of view, of an irreparable character.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Lane.

*Mr. Clyde D. Souter,* for the appellant.

*Mr. Pierre P. Garven, Mr. Aaron A. Melniker, Mr. Conover English, Mr. Josiah Stryker* and *Mr. Frederick J. Faulks,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The appeal in this case is taken from an order denying a preliminary injunction restraining the city of Bayonne, the Federal Ship Building Company and the Blast Furnace Products Corporation from proceeding with the execution of certain contracts by the terms of which the city agrees to supply water in specified quantities to the ship building company and the Blast Furnace Products Corporation for a long period of years. The plants of the two corporations to which the water is agreed to be supplied are each of them located within the territorial limits of the town of Kearny; and this municipality bases its claim to the injunction upon the ground that, by force of chapter 265 of the laws of 1907, entitled "An act in relation to the furnishing, supplying and use of water within the limits of municipalities in this state maintaining or operating a public water supply," &c., &c. (*P. L. p. 676*), and of section 16 of the act of March 27th, 1917, entitled "An act concerning municipalities" (*P. L. pp. 319, 438*), the exclusive right to furnish water to

individuals or corporations occupying property within its territorial limits is vested in it, and that this right cannot be exercised by any other municipal corporation except upon first obtaining the consent of the complainant.

In reaching the conclusion that the complainant was not entitled to a preliminary injunction, the learned vice-chancellor considered that the existence of the right claimed by the town of Kearny had been negatived by the decision of this court in the case of *Kearny* v. *Jersey City, 79 N. J. Law 599;* and that, even if the cited case was not conclusive upon the existence of this right, and the question was still an open one, a reading of the statutes referred to demonstrated that they were no bar to the making by the defendants of the contracts the execution of which the complainant sought to enjoin.

In the view which we take of this case, the allowance of a preliminary injunction was rightly refused; and we reach our conclusion without considering the scope of our decision in *Kearny* v. *Jersey City,* and also without considering whether or not the statutes appealed to by the complainant confer upon it the exclusive right claimed. That right, if it exists, is a purely legal one, and whether or not it has been conferred by the legislature is a purely legal question, to be determined primarily by a court of law. *Morris and Essex Railroad Co.* v. *Prudden, 20 N. J. Eq. 530, 539; Stanford* v. *Lyon, 22 N. J. Eq. 33, 35.* If the view of the vice-chancellor with relation to our earlier decision is sound, then the right asserted by complainant does not exist. If, on the other hand, as the complainant claims, that decision did not determine the question of the existence of the right asserted, then, so far as the case discloses, the question of its existence or non-existence has never been judicially determined in a court of law, and "no rule of equity is better settled than the doctrine that a complainant is not in a position to ask for a preliminary injunction when the right on which he founds his claim is as a matter of law unsettled." *Stevens* v. *Newark and Paterson Railroad Co., 20 N. J. Eq. 126; Citizens' Coach Co.* v. *Camden Horse Railroad Co., 29 N. J. Eq. 299.*

The order refusing the injunction is proper for another reason. It appeared in the case that the water distributing system

of the town of Kearny at its nearest point from the properties of the Federal Ship Building Company and the Blast Furnace Products Corporation is at least four and a half miles distant therefrom, and that the town has at present no mains for supplying water to these properties, or to either of them, and had taken no steps up to the time of the filing of the bill toward extending its existing water mains so as to supply water to these two corporations, or either of them. In this situation, it is manifest that the performance of the contracts between the city of Bayonne and these two manufacturing corporations cannot work any present injury to the complainant, even if the right which it asserts is vested in it. It cannot now produce any loss of revenue to the municipality, nor can it produce such loss in the future unless and until the town of Kearny extends its mains to the plants of these two manufacturing corporations and so puts itself into a position where it can supply to them the water needed by them for the purposes of their respective businesses. When it has done this, if the right which it claims has been in fact conferred upon it by the legislation on which it relies, it may then be entitled to the relief now prayed for. But, at present, it is not; for, as was declared by this court in the *Citizens' Coach Co. Case,* already cited, it is entirely settled that a preliminary injunction will never be ordered unless from the pressure of a present urgent necessity; and the damage threatened to be done, and which it is legitimate to prevent during the pendency of the suit, must be, in an equitable point of view, of an irreparable character. Under the facts already recited, it can hardly be said that the case before us presents such a situation.

For the reasons above expressed, we conclude that the order appealed from should be affirmed.

*For affirmance*—The Chief-Justice, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, Katzenbach, White, Heppenheimer, Gardner—12.

*For reversal*—None.