MIDDLESEX WATER COMPANY, PROSECUTOR, v. BOARD OF PUBLIC UTILITY COMMISSIONERS, DEFENDANT.

MIDDLESEX WATER COMPANY, PROSECUTOR, v. BOARD OF PUBLIC UTILITY COMMISSIONERS, DEFENDANT.

PLAINFIELD UNION WATER COMPANY, PROSECUTOR, v. BOARD OF PUBLIC UTILITY COMMISSIONERS, DEFENDANT.

Decided January 17, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the motion to strike out, *Thomas Brown.*

*Contra, Frank Bergen* and *Robert H. McCarter.*

For the prosecutor, *Frank Bergen* and *Robert H. McCarter.*

For the defendant, *Thomas Brown.*

PER CURIAM.

There were three distinct writs of *certiorari*, two of which were sued out by the Middlesex Water Company and the other at the instance of the Plainfield-Union Water Company. These writs sought reviews of an order made by the board of public utility commissioners.

The motion to strike out depositions is applicable to all three cases alike. The same legal question is involved in each case. The three cases were argued together.

The facts underlying the motion to strike out depositions are as follows: Upon the return of the writs of *certiorari*, leave was given both parties to take testimony to be used on the arguments. Objection was made by counsel of defendant to the taking of depositions upon the ground that the Supreme Court, on *certiorari*, was limited to a review of the orders of the board of utility commissioners, to the facts found in the testimony, adduced before that board. This objection was overruled and leave given, as has been stated. Depositions were taken and counsel of the board now moves to strike them out, in the three cases.

The contention of counsel of defendant is that the depositions cannot be properly considered in reviewing the orders of the board, for the reason that the decisions and orders of the board can only be set aside in whole or in part when it clearly appears that there was no evidence before it to support the same, and that by section 38 (*Pamph. L.* 1911, *p.* 388, as amended by *Pamph. L.* 1918, *p.* 304), the Supreme Court of New Jersey, on *certiorari*, can only review the order of the board as to facts found in the testimony. adduced before the board.

Counsel for the motion summarizes his reasons thus: "The contention of the defendant is that the Supreme Court will not in furtherance of the well defined policy disturb a finding of facts by considering the evidence not before the board when its decisions and determinations were made."

Section 38 of an act entitled "An act to amend an act concerning public utilities," &c. (*Pamph. L.* 1918, *ch.* 130, *p.* 305), *inter alia*, provides that "the Supreme Court is hereby

given jurisdiction to review upon *certiorari* any order of the board of public utility commissioners, and to set aside such order in whole or in part when it clearly appears there was no evidence before the board to support reasonably the same, or that the same was without the jurisdiction of the board. The evidence presented to the board together with their findings, and the order issued thereon, shall be certified by the board to the Supreme Court as its return" * * * "If, with respect to any order brought under review by *certiorari,* it shall appear equitable and just that a rehearing should be had before said board, the Supreme Court may order that such rehearing be had upon such terms and conditions as are reasonable, and the said board shall thereupon proceed to a rehearing upon the testimony theretofore taken before it, and upon which the order under review was based, and upon such additional testimony, if any, as may be produced."

Section 11 of the *Certiorari* act (1 *Comp. Stat., p.* 405) provides, among other things, that in all cases of writs of *certiorari* now pending or hereinafter brought to review, *inter alia,* the proceedings of any statutory tribunal * * *. "The court shall determine disputed questions of facts as well as of law, and inquire into the facts by depositions taken on notice, as is according to the practice of the court."

We think that the construction to be put upon the two sections referred to in order to carry out the legislative intent, is that where the evidence, taken under the *Certiorari* act, merely controverts the testimony adduced before the public utility board, and upon which testimony the board based its order, that this court will not undertake to weigh the testimony, but will seek to ascertain whether there was any testimony before the board which reasonably supports its order. If there is testimony reasonably supporting the board's order and there is no testimony adduced from which it is made to appear that the order was without the jurisdiction of the board, or that the testimony taken before the board does not reasonably support the order, this court will not interfere.

We have, therefore, reached the conclusion that the application to strike out the testimony, taken in the proceedings on *certiorari* should be denied.

We now come to a consideration of a review of the order made by the board on July 29th, 1926, and which order is as follows: "Ordered that the Middlesex Water Company install a transmission pipe line of not less than twenty-four inches in diameter from the present terminus of its twenty-inch line along Park avenue, in the vicinity of Oak Tree, thence by a route to be selected by the company, easterly to a point in Woodbridge approximately at the input of its mains leading to Carteret, with a privilege to the company if it so desires, to extend the pipe further at its own volition."

The estimate cost of the proposed main is $350,000. The objection made against the order by the prosecutor are: First, that the main, if made as directed by the order, would be ineffective to deliver more water at Carteret, where it is needed, and, hence, to install it would be a waste of capital. (2) Because the board had theretofore refused to permit the company to obtain an adequate income in the performance of the service required of it, it has therefore made it impossible for the company to obtain the capital necessary for the proposed main, or otherwise to enlarge the company's works so as to be able to render adequate service.

There is no dispute that the installation of the main is necessary. We are unable to perceive, in view of the confession on part of the water company, of the necessity of the main in order to render adequate service any merit in the defense whatever to the order made by the board, unless it can be reasonably said that a plea of poverty is a good defense to a compliance with the board's order.

The company is under a legal obligation to render adequate service and is not entitled to enjoy the privilege of its franchise if it is unable to render the adequate service required of it in the proper exercise of such franchise.

The prosecutor, in continuing to enjoy its franchise from the state to supply water to the municipality, is under a legal duty, by virtue of such franchise, to maintain adequate

service in its supply of water, and this supply must be furnished in an adequate manner. The complaint made by the company is, that the fault of inadequate service is attributable to the action of the board, in that the latter impaired the financial condition of the water company by refusing to allow the company a sufficient return on the fair value of its property. But this complaint is not borne out by the facts of the case, for it appears that in 1920 the company made applications to the board on two different occasions for an increase in rates, and on each occasion the increase was allowed. The rate allowed by the board was apparently sufficient to afford a net return of seven per cent. on the fair value of the property of the company. At any rate, no appeal was taken.

It is rather an alarming proposition that a company, enjoying a franchise to furnish water to a municipality, in the performance of which task it must be considered that the lives, needs, health and comfort of the inhabitants, and safety of property are involved, because all, more or less, are dependent upon an adequate supply of water with adequate service, can successfully entrench itself against a compliance with the order of the board on the plea that the company has not the financial ability to furnish equipment for an adequate supply of water with adequate service for distribution. Palpably such an excuse cannot properly be permitted to prevail.

The prosecutor also attacks the reasonableness of the estimated cost of performing the work as directed by the order. Our examination of the testimony adduced before the board, in that regard, satisfies us that the conclusion reached by the board on the question is reasonably supported by the testimony.

The order is affirmed, with costs.