ARKANSAS POWER & LIGHT COMPANY v. WEST MEMPHIS POWER & WATER COMPANY.

4-3699

Opinion delivered March 18, 1935.

*House, Moses & Holmes* and *Eugene R. Warren,* for appellant.

*Charles E. Sullenger* and *Alene Word,* for appellee.

*Bates, Shea & Frazer, amici curiae.*

JOHNSON, C. J. This is a continuation of the litigation reported in 184 Ark. 206, 41 S. W. (2d) 755, and 187 Ark. 41, 58 S. W. (2d) 206, and reference is made thereto for its early history.

The gist of the opinion in 187 Ark. 41, 58 S. W. (2d) 206, *supra,* was to affirm and approve the decretal order of the chancery court of Crittenden County enjoining and restraining appellant, Arkansas Power & Light Company, from furnishing electricity or electrical current to any inhabitant or consumer within the corporate limits of the town of West Memphis, Arkansas.

Subsequent to the affirmance of the case referred to [187 Ark. 41, 58 S. W. (2d) 206], the West Memphis Power & Water Company filed this proceeding in the chancery court of Crittenden County against appellant, alleging a violation of said injunctive order by appellant in furnishing to the West Memphis Cotton Oil Mill, an inhabitant of West Memphis, electrical current for the purpose of operating its plant, and praying a citation against appellant to show cause.

The citation was issued as prayed and appellant responded thereto by general denial and affirmatively asserting strict compliance with the injunctive order. The West Memphis Cotton Oil Mill intervened in said cause, and, in effect, alleged: That its cotton seed oil mill, located in West Memphis, is and was a large consumer of electrical current; that in 1933 it made application to appellee for electrical current with which to operate its said mill, but that appellee's electrical plant was not of sufficient generating capacity to supply the needs of intervener and domestic demands, and for this reason intervener was forced to seek and purchase electric power and

current elsewhere; that it was impelled to make application to and a contract with appellant, Arkansas Power & Light Company, to furnish electrical current to a point near the corporate limits of West Memphis, but without the incorporation; that, to effect a physical connection with the point of supply, intervener constructed at its own expense a power line thereto, and is therefore purchasing electrical current from appellant without the corporate limits of the town of West Memphis; and, but for this connection and supply of electric current, intervener's plant could not have been operated.

The testimony adduced upon trial is not in conflict on material points, and may be summarized as follows: In 1933 the West Memphis Cotton Oil Mill was established in West Memphis, Arkansas, and was dependent for operation upon an adequate supply of electrical current. At the beginning of the cotton seed mill season of 1933-1934, and now, the West Memphis Power & Water Company had a capacity for generating electric current of approximately 800 horsepower. To operate the oil mill, it alone requires 1,500 horsepower to give reasonably satisfactory service. It would entail a cost of no less than $60,000 in purchasing additional necessary equipment to supply the demands of the oil mill. The testimony is in conflict as to whether or not the oil mill made demand upon the West Memphis Power & Water Company for service prior to the season of 1933-1934. In September, 1933, the West Memphis Cotton Oil Mill and appellant, Arkansas Power & Light Company, entered into a contract to the effect: Appellant agreed to deliver at a point outside the corporate limits of West Memphis, Arkansas, for the West Memphis Cotton Oil Mill's use and supply electrical current of sufficient quantity for its demands in operation, and the oil mill agreed to construct its own power lines from the oil mill to the point of delivery, which was agreed upon, outside the corporate limits of West Memphis. In conformity to this contract, the oil mill constructed power lines from its plant to the point of delivery of electric current, and electric current was thus obtained by said oil mill from appellant, and this is the subject-matter of this contempt proceeding.

The chancellor determined appellant guilty of contempt and assessed a fine of $1,000, and this appeal follows.

Appellant's primary contention for reversal is that appellee was not, at the beginning of the cotton seed mill season of 1933-1934 or at any time subsequent thereto up to the trial in this proceeding, in any position to supply or furnish to the West Memphis Cotton Oil Mill the electric current necessary for the operation of said mill, and is therefore in no position to invoke the aid of the courts in this contempt proceeding.

We think this contention must be sustained. By the acceptance of the exclusive franchise granted to it by the city of West Memphis, appellee assumed and undertook to supply and must anticipate the ordinary demands of consumers within the corporate limits of West Memphis and to furnish electrical current upon demand therefor; and until appellee makes itself capable of furnishing all consumers located within the corporate limits of West Memphis necessary electrical current upon demand, it is in no position to invoke contempt proceedings because some consumer has purchased electrical current elsewhere. *In re Great Western Power Co.,* 1915E, Public Utilities Report, page 843; *New Orleans Water Works* v. *Ernst,* 32 Fed. 5; *Stein* v. *Bienville Water Supply Company,* 32 Fed. 876; *Kearney* v. *Mayor,* 92 N. J. Eq. 627, 114 Atl. 550.

Since the conclusion advanced is decisive of this appeal, it is unnecessary to decide or discuss other interesting questions urged in briefs.

For the reason stated, the cause is reversed and remanded with directions to dismiss the complaint and citation for contempt for want of equity.

BAKER, J., disqualified and not participating.