31 N.J. Super. 1 (1954)
105 A.2d 692
JENNIE MONGIELLO, PLAINTIFF-APPELLANT,
v.
BOROUGH OF HIGHTSTOWN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 17, 1954.
Decided May 28, 1954.
*2 Before Judges CLAPP, FRANCIS and SCHETTINO.
Mr. Kenneth J. Dawes argued the cause for plaintiff-appellant (Mr. Robert E. Dietz, attorney).
Mr. James S. Turp argued the cause for defendant-respondent (Messrs. Turp and Coates, attorneys).
The opinion of the court was delivered by CLAPP, S.J.A.D.
The question presented here is whether the Borough of Hightstown is under a duty to supply water out of its own water system to persons in the Township of East Windsor, an adjoining municipality.
Apparently residents of East Windsor, with Hightstown's permission, have run a pipe or pipes into Hightstown, tapping *3 its water mains and purchasing water from it for the supply, in 1952, of 58 or 54 properties in East Windsor. In 1951 a water main was installed by the New Jersey Turnpike Authority in East Windsor in order to provide for four other properties there, whose wells had been damaged by the construction of the Turnpike. Hightstown was given that main by the Authority and, as requested, agreed to supply water from its water system to the four properties for 25 years at rates charged others in East Windsor. At the time of this agreement, Hightstown, by a resolution of its council and, again in the bill of sale from the Authority, stipulated that it accepted the main and undertook to furnish water to these four properties "in a spirit of cooperation" and that its actions in this regard were not to
"be construed as indicating a policy on behalf of the Borough of Hightstown of extending water mains into the Township of East Windsor or of providing water to its inhabitants."
This main apparently (if the matter be in doubt, the point must be resolved against the plaintiff who has the burden of proof) is the only main in East Windsor owned by Hightstown.
On February 5, 1952 Hightstown established a policy not to sell water to nonresidents not then being supplied. At the end of 1952 plaintiff, desiring to build 38 houses in East Windsor, applied to the borough for water, but Hightstown refused, grounding the refusal in the policy stated. There is reasonable basis for this policy; Hightstown has cause to believe that the water supply owned by it is needed for the development of its own community and, indeed, as conceded by the plaintiff, will have to be expanded ere long to meet such demands. However plaintiff takes the position, relying upon Middlesex Water Co. v. Board of Public Utility Com'rs, 6 N.J. Misc. 51, 54 (Sup. Ct. 1928), that Hightstown is under a duty now to expand its water plant, if that is necessary, just to provide for the plaintiff.
Plaintiff sought relief in an action in lieu of prerogative writ, but without success; and now she appeals. She relies *4 heavily upon the statement in Reid Development Corp. v. Parsippany-Troy Hills Tp., 10 N.J. 229, 234 (1952), that a municipally-owned public utility, like any public water company, is under a duty to serve all within the "area." But the court there was dealing with the obligations of the municipality, owning such a utility, to provide for its own inhabitants.
The crucial circumstance here is that Hightstown has furnished water to persons in East Windsor only by way of accommodation and, more than that, has done so only for a very minor portion of the inhabitants of East Windsor; it has never entered into the water business there. Indeed it might be noticed in this connection that Hightstown raises from its own property through general taxation, $3,000 a year which, all or in part, is needed for the balancing of the budget of its water department. As to whether R.S. 40:62-85, under which apparently Hightstown has been providing East Windsor with water, authorizes it to do so in a case where it is not in the water business there, need not here be considered. Town of Kearny v. Mayor and Council of City of Bayonne, 90 N.J. Eq. 499, 506 (Ch. 1919), affirmed 92 N.J. Eq. 627 (E. & A. 1921).
Hightstown in supplying water to people in East Windsor is engaged in a private or proprietary function. Reid Development Corp. v. Parsippany-Troy Hills Tp., 10 N.J. 229, 233 (1952), supra. But it has not put itself into the position of a water company, serving as a public utility, whose franchise in effect gave to it a practical monopoly in East Windsor (Long Branch Comm. v. Tintern Manor Water Co., 70 N.J. Eq. 71, 73 (Ch. 1905), affirmed 71 N.J. Eq. 790 (E. & A. 1907)), and which, subject to a reasonable discretion in the extension of its mains, is under a duty to serve the needs of all in that township. Reid Development Corp. v. Parsippany-Troy Hills Tp., 10 N.J. 229, 234 (1952), supra; Hackensack Water Co. v. Ruta, 3 N.J. 139, 147 (1949); Olmsted v. Proprietors of the Morris Aqueduct, 47 N.J.L. 311, 331 (E. & A. 1885); Millville Improvement Co. v. Millville Water Co., 92 N.J. Eq. 480 (Ch. 1921).
*5 Nor did Hightstown enter into the business of furnishing water to East Windsor when it accepted the main constructed by the Turnpike Authority; the acceptance of that main was so hedged about as to make this entirely clear. Besides, the contract of the municipality with respect to the main was made under R.S. 40:62-83, and it is not even suggested that under the permissive language of that statute Hightstown must award like contracts to all in East Windsor who could make use of that main.
Plaintiff relies upon Reigle v. Smith, 287 Pa. 30, 134 A. 380 (Sup. Ct. 1926). See, too, City of Altoona v. Pennsylvania Public Utilities Comm., 168 Pa. Super. 246, 77 A.2d 740 (Super. Ct. 1951). But in those cases the municipalities, Halifax and Altoona, each, had purchased the plant of a water company that supplied a neighboring municipality and, it may perhaps be said, thereby put itself in the business of taking care of the needs of its neighbor. Town of Kearny v. Mayor and Council of City of Bayonne, 90 N.J. Eq. 499, 505 (Ch. 1919), affirmed 92 N.J. Eq. 627 (E. & A. 1921), supra; cf. Inhabitants of City of Bordentown v. Anderson, 81 N.J.L. 434, 435 (E. & A. 1910); City of South Pasadena v. Pasadena Land & Water Co., 152 Cal. 579, 93 P. 490, 494 (Sup. Ct. 1908); Merryman v. Mayor and City Council, 153 Md. 419, 138 A. 324, 325 (Ct. App. 1927); 67 C.J. 1222. At any event, the Pennsylvania cases are not controlling.
We do not find that Hightstown has committed itself to the rendition of a public service on behalf of East Windsor or of any part thereof, in such a way as to have placed itself under obligation to serve all persons therein.
Nor is Hightstown to be charged with arbitrariness or unjust discrimination in its dealings on the matter.
Affirmed.