# MILLVILLE GAS LIGHT COMPANY

## *v.*

# VINELAND LIGHT AND POWER COMPANY.

[Decided December 21st, 1906.]

1. Legislative grants of franchises, whether granted by special charters or under general laws, confer privileges which are exclusive in their nature as against all persons upon whom similar rights have not been conferred. Any attempted exercise of such rights, without legislative sanction, is not only an unwarranted usurpation of power, but operates as a direct invasion of the private property rights of those upon whom the franchises have been so conferred.

2. A court of equity will enjoin the unlawful invasion of a statute franchise.

3. The restraining power of a court of equity is exercised for the protection of rights, the existence of which are clearly established, and so far only as may be essential for the protection of those rights.

4. Public grants are construed strictly, and in all cases of grants of franchises by the public to a private corporation, the established rule of construction is that any ambiguity in the terms of the contract must operate against the corporation and in favor of the public. The corporation takes nothing that is not clearly given by the act.

5. The word "town," as used in legislative acts in New Jersey, has no fixed significance, and its use must be applied according to the manifest legislative intention as gathered from the occasion and necessity of the act.

6. Injunction denied because of want of sufficient certainty as to complainant's rights.

On order to show cause why a preliminary injunction should not issue.

*Mr. Edwin F. Miller* and *Messrs. Gaskill & Gaskill,* for the complainant.

*Mr. Leverett Newcomb* and *Messrs. French & Richards,* for the defendant.

LEAMING, V. C.

The bill in this cause is filed by the Millville Gas Light Company to procure an injunction to restrain the Vineland Light and Power Company from laying gas pipes in certain highways in the township of Landis, Cumberland county. The cause has been submitted, at the return of an order to show cause for a preliminary injunction, upon the bill and its accompanying affidavits on the part of complainant, and upon answering affidavits on the part of defendant. Complainant is a corporation engaged in the business of manufacturing and supplying gas. Its works are located in the city of Millville, and its corporate rights are derived from an act of the legislature of New Jersey, entitled "An act to incorporate the Millville Gas Light Company," approved March 20th, 1857. Defendant is a corporation engaged in a like business, with its gas works located in the borough of Vineland. The city of Millville is about six miles distant from the borough of Vineland. The territory between these two municipalities is the territory now in dispute, and is known as the township of Landis. In 1857, the date of the passage of the act incorporating complainant company, Millville township included all the territory now comprising the present city of Millville, the borough of Vineland and the township of Landis. Millville was then an unincorporated village. The township of Landis was set off from Millville township in the year 1864. The borough of Vineland was incorporated in the year 1880, and comprises one square mile of territory in the centre of the township

of Landis.   The city of Millville now comprises all of the terri-
tory of the old township of Millville which is not included
within the boundaries of the township of Landis and the borough
of Vineland.

In November last complainant determined to extend its gas
mains from the city of Millville through the township of Landis
to or toward the borough of Vineland.   It is averred by com-
plainant that as soon as active preparations were made for this
work defendant hastily began laying its mains through the
township of Landis from the borough of Vineland toward Mill-
ville, and along the highways which complainant was to occupy,
with a view to interfere with complainant's work and to appro-
priate the territory secured to complainant by its legislative
franchise.   It is this work of defendant which complainant now
seeks to enjoin.

It is claimed on behalf of complainant that the act of March
20th, 1857 (*P. L. 1857 ch. 164*), under which complainant is
incorporated, granted to complainant a legislative franchise to
lay gas pipes and mains in the highways throughout the terri-
tory then constituting Millville township, which territory, as
stated, includes the present township of Landis and borough of
Vineland.   It is also claimed on behalf of complainant that
defendant company is without right, either by legislative or
municipal authorization, to conduct business as a gas company
or to occupy any streets or highways for that purpose.

Legislative grants of franchises of the nature claimed by com-
plainant, whether granted by special charters or under general
laws, confer privileges which are necessarily exclusive in their
nature as against all persons upon whom similar rights have not
been conferred, for any attempted exercise of such rights, with-
out legislative sanction, is not only an unwarranted usurpation
of power, but operates as a direct invasion of the private prop-
erty rights of those upon whom the franchises have been so con-
ferred.   *Raritan and Delaware Bay Railway Co.* v. *Delaware and
Raritan Canal Co., 18 N. J. Eq. (3 C. E. Gr.) 546, 569; Penn-
sylvania Railroad Co.* v. *National Railway Co., 23 N. J. Eq. (8
C. E. Gr.) 441, 447; Jersey City Gas. Co.* v. *Dwight, 29 N. J.
Eq. (2 Stew.) 242, 250; Elizabethtown Gas Co.* v. *Green, 46*

*N. J. Eq. (1 Dick.) 118, 124; Pom. Rem. § 584.* It follows that if complainant is at this time entitled to exercise in the disputed territory the privileges set forth in the legislative act referred to, and defendant, as claimed, enjoys no legislative sanction for the conduct sought to be enjoined, complainant will be entitled to the relief prayed for.

Defendant, however, denies the title of complainant to any franchise in the township of Landis and asserts, on its own behalf, a similar legislative grant covering that disputed territory.

At the hearing I expressed some doubt as to whether this court should entertain jurisdiction for preliminary relief, in view of the fact that complainant is not in the actual enjoyment of the disputed territory and the issues presented include a denial of the title of complainant to the right sought to be protected. While the violation of franchises afford frequent instances for the exercise of equity jurisdiction, I am not clear that any entirely satisfactory ground can be found to justify a court of equity in granting injunctive relief in favor of a complainant for the protection of a franchise the title to which is challenged by defendant in a case where complainant is not in the actual enjoyment of the franchise claimed. In *Whitchurch.* v. *Hide, 2 Atk. 391,* the chancellor refused to entertain a bill for the protection of a franchise until complainant should have first established his title at law. In *Moor* v. *Veazie, 31 Me. 360, 377,* the view is entertained that a legislative grant of a. franchise, emanating, as it does, from the people in their sovereign capacity, will be regarded as the equivalent of a right established at law, but the franchise there in question was in the actual enjoyment of complainant. In *Delaware and Raritan Canal Co.* v. *Raritan and Delaware Bay Railway Co., 16 N. J. Eq. (1 C. E. Gr.) 321, 378,* the chancellor says: "An injunction is the proper remedy to secure to a party the enjoyment of a statute privilege of which he is in the actual possession and when his legal title is not put in doubt." Where the basis of a bill is the refusal of defendant to yield to complainant the enjoyment of his legal estate in lands, and the title of complainant is in dispute, it is well settled that equity will not entertain

jurisdiction until the title is first established at law. *Hart* v. *Leonard, 42 N. J. Eq. (15 Stew.) 416; Outcalt* v. *George W. Helme Co., 42 N. J. Eq. (15 Stew.) 665; Todd* v. *Staats, 60 N. J. Eq. (15 Dick.) 507.* The prevailing view, however, appears to be that in the protection of certain intangible property rights, such as arise in actions to enjoin private nuisances, waste, the infringement of patents, of copyrights, of trade marks or literary property in manuscript writings, the law affords so inadequate a remedy that equity should extend its preventive writ for protection, even in cases where defendant brings into question the title of complainant to the rights asserted, and the wrongful invasion of a statute franchise is thought to invoke equitable jurisdiction as most nearly embodying the elements of a nuisance.

The primary inquiry, therefore, will be as to the character and extent of complainant's rights. In this inquiry certain well-settled rules must be recognized. The restraining power of a court of equity is only exercised for the protection of rights, the existence of which are clearly established, and so far only as may be essential for the protection of those rights, and it is also a rule of construction that public grants are to be construed strictly, and in all cases of grants of franchises by the public to a private corporation the established rule of construction is that any ambiguity in the terms of the contract must operate against the corporation and in favor of the public. The corporation takes nothing that is not clearly given by the act. *Delaware and Raritan Canal and Camden and Amboy Railroad and Transportation Co.* v. *Raritan and Delaware Bay Railway Co., 16 N. J. Eq. (1 C. E. Gr.) 321; Pennsylvania Railroad Co.* v. *National Railway Co., 23 N. J. Eq. (8 C. E. Gr.) 441, 455.*

The legislative act, under which complainant claims (*P. L. 1857 ch. 164*), is as follows:

"An act to incorporate the Millville Gas Light Company.

"1. Be it enacted by the senate and general assembly of the state of New Jersey, that Ferdinand F. Sharp, John McNeal, Edward Tatem, James Loper, Nathaniel Stratton, Lewis Mulford, Furman L. Mulford and Elijah B. Richman, and all and every person or persons who may become subscribers according to the mode hereinafter prescribed, and their successors, are hereby created a body politic and corporate in fact, by the

name of 'The Millville Gas Light Company,' and by the said name the said corporation shall have power and authority to manufacture, make and sell gas for the purpose of lighting the streets, buildings, manufactories and other places situated in the town of Millville and its vicinity.

"2. And be it enacted, that the said corporation shall be empowered to lay down their gas pipes, and to erect gas posts, burners and reflectors in the streets, alleys, lanes, avenues and public grounds of the town of Millville and its vicinity, and to do all things necessary to light the said town and the dwellings, stores and other places situated therein; provided, that the public travel shall at no time be affected or impeded by the laying of the said pipes or the erection of the said posts; and the streets, side and cross walks, public grounds, lanes and avenues shall not be injured, but shall be left in as good and perfect condition as before the laying of the said pipes or the erection of the said posts."

The other provisions of the act are not material to the present controversy.

The claim of complainant is that the words, "the town of Millville and its vicinity," as used in the first and second sections of the act, include the territory which comprised the township of Millville as it existed at the date of the passage of the act, whereas the contention on the part of defendant is that the words relate to only the territory which comprised the village of Millville, as it then existed, and the territory in its immediate vicinity, now defined by the corporate limits of the city of Millville. As already stated, Millville in the year 1857 was a small unincorporated village, and the township of Millville then embraced not only the village of Millville but also the territory now included in the present city of Millville, township of Landis and the borough of Vineland, respectively.

The significance of the word "town," as used in legislative acts, has been the subject of judicial examination in this state in a number of cases. These cases are all collected in *Brown* v. *Town of Union, 62 N. J. Law (33 Vr.) 142,* except the case of *Holmes* v. *Jersey City, 12 N. J. Eq. (1 Beas.) 299,* which is not there cited. These cases fully determine that the word has no fixed significance in New Jersey. The word, as used in the constitution and in various statutes, is held to be of such uncertain meaning, standing alone, that the courts have uniformly applied its use according to the manifest intention of the legislation as gathered from the occasion and necessity of the act. By the

adoption of this rule of construction in this case the legislative grant to complainant was either for the village of Millville and its vicinity or the township of Millville and its vicinity, according as the legislative intent may be more clearly manifest. To conclude that the latter was intended would seem to conflict with the reasoning adopted by the court of errors and appeals in *Madison* v. *Morristown Gas Light Co., 65 N. J. Eq. (20 Dick.) 356,* where it was held to do violence to the word "vicinity" to assume that the legislature intended by that word, similarly used, to include territory of an independent municipality not named. The more apparent legislative intent in the use of the expression, "the town of Millville and its vicinity," in the act in question, appears clearly to be the equivalent of the expression, the village of Millville and its vicinity, and that is the meaning which I attribute to the language used. The determination of what territory was intended by the use of the word "vicinity" is more difficult. I am impressed that an accurate determination of the legislative intent in the use of that word in the act in question is dependent largely on an intimate knowledge of the physical conditions which existed at that time at the village of Millville and the territory surrounding it. How large a village, territorially, was Millville in 1857? Were there other villages in Millville township, near by or distant, which might then have been reasonably thought to be appropriate territory to receive a supply of gas, either presently or in the near future? Was the entire township, other than Millville, a sparsely settled country district, or were there other municipalities in the township at that time? These and other physical conditions, not disclosed by the record, would seem to be almost essential to an intelligent determination of the import of the word "vicinity" as used in the act. But without something to indicate a legislative intent to include more territory than would naturally be imported by the expression "Millville and vicinity," I am unable to conclude that the language used was intended to include the entire township. It will be noted that the second section of the act empowers complainant "to lay down their (its) gas pipes and to erect gas posts, burners and reflectors in the *streets, alleys, lanes, avenues and public grounds* of the town of Millville and

its vicinity." The absence of a reference to roads, as well as the natural significance of the expression, carries with it a suggestion of some force that an entire township was not within the contemplation of the legislative body. My conclusion is that it does not at this time appear with sufficient certainty that complainant is the owner of a franchise covering the territory in dispute to justify this court in granting a preliminary injunction against defendant.

In refusing an injunction I do not wish to be misunderstood. The injunction is refused because at this time I deem the rights of complainant, as disclosed by the record, to be too uncertain to justify preliminary relief. This must not be deemed to prejudge the case of complainant on final hearing, for, as already indicated, the significance of the word "vicinity" may well be controlled by facts not at this time within the knowledge of the court. Should defendant continue the construction of its works within the territory in dispute, it will do so at its own risk. The bill may stand as one for mandatory relief at final hearing.

The conclusion I have reached renders unnecessary a discussion of the other questions presented. The order to show cause will be dismissed.