# DAN DANCIGER et al. v. AMERICAN EXPRESS COMPANY, Appellant.

### Division Two, December 31, 1912.

1. **APPELLATE JURISDICTION: Constitutional Question.** Al- though plaintiffs' reply raised the question of the constitu- tionality of a statute of another State which defendant in its answer claims inhibited it from the performance of its contrac- tual duty, yet if the statute does not directly infringe upon any right of plaintiffs, an appeal from a judgment against defend- ant, based on that ground alone, is not to the Supreme Court.

2. ————: ————: **By Whom Raised.** A litigant cannot attack the constitutionality of a statute which does not directly in- vade his rights. Plaintiff distillers sued an express company

for the alleged conversion of $1670.40 worth of intoxicating liquors delivered to it to be transported to various points in Mississippi and there delivered to consignees upon the payment of the purchase price. Defendant, for failure to perform the contract, pleaded that, after the receipt of said liquors from plaintiffs, Mississippi enacted a law requiring all express companies delivering intoxicating liquors in that State to take out a license and pay a privilege tax of $5000 for each office where such liquors are so delivered, and that to comply with that law and to deliver the liquors according to its contract it would have to take out such license at 252 offices at a cost of $1,260,000 in taxes, and asked to return the liquors to plaintiffs and be released from its contract. For reply plaintiffs asserted said law is invalid and conflicts with the interstate commerce clause of the U. S. Constitution, and therefore no excuse to defendant for the non-performance of its contract. The court held the law invalid and rendered judgment for plaintiff. *Held*, that the law levies a privilege tax only on express companies. and not upon liquor dealers, and does not directly infringe upon any right of the plaintiffs, and consequently they are not in a position to attack its constitutionality, and the Supreme Court does not have appellate jurisdiction over defendant's appeal.

Appeal from Jackson Circuit Court.—*Hon. Hermann Brumback*, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Ashley & Gilbert* for appellant.

*I. J. Ringolsky* for respondents.

BROWN, P. J.—Action for conversion. From a judgment for plaintiffs in the circuit court of Jackson county, defendant. appeals.

Plaintiffs sue defendant for the alleged conversion of $1670.40 worth of intoxicating liquors delivered to defendant at Kansas City, Missouri, under a contract to transport said liquors to sundry places in the State of Mississippi and there deliver same to consignees upon the payment of the purchase price.

The defendant failed to deliver the liquors, as per contract; and as a defense for nonperformance, alleges that after the receipt by defendant of said li-

quors, the Legislature of Mississippi enacted a law requiring all express companies delivering intoxicating liquors in that State to take out a license and pay a privilege tax of $5000 for each office where such liquors are so delivered. That defendant could not deliver said liquors to the various consignees thereof without first paying a privilege tax on 252 offices in said state, aggregating a total tax of $1,260,000. Defendant therefore asks to be released from its contract, by returning said liquors to plaintiffs.

For their reply, plaintiffs assert that the aforesaid law of Mississippi is invalid, and is therefore no excuse for nonperformance by defendant; and as grounds for this contention, allege:

That said law conflicts with paragraph 3, section 8, article 1, of the Constitution of the United States, which reads as follows: "Congress shall have power . . . to regulate commerce with foreign nations, and among the several states, and with the Indian tribes."

The trial court gave a declaration of law sustaining the contention of plaintiff that the Mississippi law imposing a "privilege tax" on express companies is unconstitutional, and rendered a judgment for plaintiffs.

There are other issues in the case; but the foregoing is all that is necessary for us to consider in determining whether or not this court has jurisdiction to hear and determine defendant's appeal.

Was a constitutional question raised below in such manner as to confer jurisdiction of the appeal on this court?

The above mentioned statute of the State of Mississippi levies a "privilege tax" only on express companies—not upon liquor dealers. It is apparent that it does not directly infringe upon any right of the plaintiffs. Consequently, they are not in a position in this action to attack its constitutionality.

The doctrine that a litigant cannot attack the constitutionality of a statute which does not directly invade his rights, is sustained by the cases of Cunningham v. Current River Railroad, 165 Mo. 270; Ex parte Lucas, 160 Mo. 218; State ex rel. Crandall v. McIntosh, 205 Mo. 589; Ordelheide v. Modern Brotherhood of America, 226 Mo. 203.

In the last named case, the inability of litigants to assail the constitutionality of a law which does not purport to affect their rights is considered in such an exhaustive manner as to render a further citation of authorities useless.

There was no constitutional question properly presented to the trial court, and having no jurisdiction of the appeal on any ground, the cause should be transferred to the Kansas City Court of Appeals. It is so ordered.

*Ferriss* and *Kennish, JJ.,* concur.