ARKANSAS POWER & LIGHT COMPANY *v.* WEST MEMPHIS POWER & WATER COMPANY.

Opinion delivered July 13, 1931.

*Wils Davis, Robinson, House & Moses* and *Harry E. Meek,* for appellant.

*Chas. E. Sullenger* and *Davis & Brownback,* for appellee.

BUTLER, J. The appellant, Arkansas Power & Light Company, as assignee of a permit from the county court, and by virtue of an act of March 28, 1907, erected poles along the highway in Crittenden County which passed through, and was the main street of the village of West Memphis, with distribution lines and other equipment of the approximate value of $68,000. With this equipment so erected, the appellant power company, before and on March 21, 1927, was serving with electric current seventy residents, seventy-four commercial customers

and one gin in the said village, which service had been increased by the 20th day of November, 1930, so as to furnish electricity to 109 residents, 97 business customers and one industrial consumer.

On the 21st day of March, 1927, the aforesaid village became the incorporated town of West Memphis by order of the county court of Crittenden County, which order, on appeal, was affirmed by this court on July 2, 1928, in the case of *Bragg* v. *Thompson,* 177 Ark. 870, 9 S. W. (2d) 24. The appellant did not, and has not, procured any franchise from said incorporated town granting to it the privilege to use the streets, alleys and public grounds of the town in the conduct of its business, but continued to use said streets and alleys and to extend its lines thereon after the incorporation as before.

On May 14, 1930, at a meeting of the town council of said town, a grant of an exclusive franchise was made to Chas. E. Sullenger to erect and operate an electric light system, and at the same meeting and by separate ordinance he was granted an exclusive franchise to erect and operate a waterworks system. These franchises were assigned to the appellee, West Memphis Power & Water Company, on the 15th day of August, 1930, and appellant filed this suit on the 16th of August, following, setting up the above-mentioned facts and alleging that the franchise under which appellee sought to operate was invalid because it was passed at a special meeting of the council, of which no notice had been given, and no notice given or received by one of the councilmen who did not attend said meeting, and who had no knowledge thereof until after the meeting was had. Appellant further alleged that said ordinance granting the exclusive right to erect and operate equipment for the generation and distribution of electricity was an invasion of its rights, and that the appellee was threatening to proceed with the construction authorized by the franchises and, by virtue of the rights granted therein, to undertake to force the appellant to remove its equipment, etc., and prayed

for an order enjoining the appellees from constructing the electrical equipment and from in any way interfering with the rights of the appellant. On the 20th of October, 1930, the appellant filed its motion for a temporary injunction restraining the appellee, who at that time was proceeding with the erection of a light plant, from further proceeding, and from making any other expenditure until the final hearing of the case. This motion was overruled by the court, and the appellee proceeded with the erection of its equipment, completing the same about the 12th day of December, 1930, at a cost of approximately $50,000, and was on that date serving about sixty customers with electricity.

Much testimony was taken which established the facts above stated and which, in addition, was directed to the question of the validity of the franchise granted by the ordinance of May 14, 1930, but which will not be set out here because that question is immaterial, as will hereafter appear. On the final hearing the chancellor denied the relief prayed by the appellant, and dismissed its complaint for want of equity, from which decree is this appeal.

In the beginning of our investigation this question presents itself: Was the Arkansas Power & Light Company in a position to question the validity of the franchise under which appellee has acted? After a careful consideration, with the aid of such authorities as have been cited by counsel, we have concluded that that question must be answered in the negative, and such an answer renders all other issues raised unimportant. It is to be noted that the town of West Memphis is not contesting the validity of the ordinance of May 14, 1930, or attempting to disavow it in any particular. In an able and persuasive brief counsel for the appellant has contended that the right it acquired and asserted under the permit of the county court of Crittenden County and under the statute, *supra*, has invested it with property rights which would warrant its contesting an unwar-

ranted intrusion by another on the premises it occupied. It is doubtful whether the permit of the Crittenden County court has any validity, but, irrespective of that order, the appellant occupied the highway leading through West Memphis by virtue of the act of March 28, 1907, now § 4043 of Crawford & Moses' Digest, which provides:

"Any corporation organized under the laws of this State for the purpose of generating, transmitting, and supplying electricity for public use may construct, operate and maintain such lines of wire, cables, poles, etc., necessary for the transmission of electricity along and over the public highways, and the streets of the cities and towns of the State or across or under the waters, and over any lands or public works belonging to the State, and on and over the lands of private individuals, and upon, along and parallel to any railroad or turnpike of this State, and on and over the bridges, trestles and structures of such railroads; and in constructing such dams as the corporation may be authorized to construct, for the purpose of generating electricity by water power, may flow the lands above such dams with backwater resulting from such construction. Provided, the ordinary use of such public highways, streets, works, railroads, bridges, trestles, or structures and turnpikes be not thereby obstructed, or the navigation of said waters impeded, and that just damages shall be paid to the owners of such lands, railroads and turnpikes; and provided further, that the permission of the proper municipal authorities shall be obtained for the use of such streets."

It will be seen from this statute that when appellant erected its light poles and strung its wires along the highway leading through the village of West Memphis and served those with electricity who lived on the highway, it was rightfully doing so. When it entered on the streets of the village with its poles and other equipment, however, no right could be predicated on the statute, for at that time such streets and alleys were privately owned,

and no one had the right to use them in any way except the permissive right of passage given to the public.

Appellant cites the case of *Natural Gas & Fuel Corporation* v. *Norphlet Gas & Water Co.*, 173 Ark. 174, 294 S. W. 52, in support of its contention that the appellant in that case had made use of the streets and alleys of the village of Norphlet for the laying of its gas mains, as the power company in the instant case made use of them for the erection of its light poles, but in the Norphlet case the gas company obtained the right-of-way and used these streets and alleys under a contract with the owners, and was rightfully occupying the same. Such are not the facts in the case at bar. No contract is alleged or shown to have been entered into between the power company and the landowners, and therefore its occupancy was unauthorized and continued by sufferance only. There are a number of cases holding that a public utility company is entitled to an injunction to prevent a competing utility from attempting to operate under a void franchise, a number of which have been cited and relied on by the appellant. *Bartlesville E. L. & P. Co.* v. *Bartlesville I. R. Co.*, 26 Okla. 453, 109 Pac. 228; *Lindsley* v. *Dallas Consolidated Street Ry. Co.*, (Tex.) 200 S. W. 209; *Northern Tex. Utilities Co.* v. *Community Natural Gas Co.*, (Tex.) 297 S. W. 904; *Citizens' E. I. Co.* v. *Lackawana & W. V. P. Co.*, 255 Pa. 145, 99 Atl. 462; *F. & M. Co-operative Tel. Co.* v. *Boswell Tel. Co.*, 187 Ind. 371, 119 N. E. 513; *Millville Gas & Light Co.* v. *Vineland Light & Power Co.*, 72 N. J. Eq. 305, 65 Atl. 504; *Springfield Gas & Elec. Co.* v. *Springfield*, 292 Ill. 236, 18 A. L. R. 934; McQuillin on Municipal Corporations (2d ed.), p. 1016; Dillon on Municipal Corporations, (5th ed.) p. 1992; *Kinder* v. *Looney*, 171 Ark. 18, 283 S. W. 9.

We have read all these cases with care and discover that they can have no application to the instant case because in all of them the utility held entitled to proceed against a competing utility had itself the lawful right to operate in the streets and alleys by grant of a franchise, although this right was not an exclusive one. Illustrative

of all of these cases is that of *Bartlesville E. L. & P. Co. v. Bartlesville I. R. Co., supra,* first cited by the appellant. In that case the plaintiff was operating an electric light and power plant under a franchise for a period of twenty-one years granted by the municipality, and the defendant, a competing utility, attempted without authority from the city to use its streets and public places for the purpose of erecting a light and power system for supplying the town and its inhabitants with electric light and power. In that case the plaintiff did not claim that it had an exclusive franchise, and recognized the authority of the city to grant a similar franchise to others, but insisted that, because the defendant had no authority from the city to use its streets, and because plaintiff's occupancy and use was by lawful permission, it was entitled to the relief prayed, namely, that the defendant be enjoined from proceeding further in occupying and using the streets for a purpose similar to that of the plaintiff. In upholding plaintiff's contention, the Supreme Court of Oklahoma held that, when plaintiff accepted its franchise, it did so subject to the power of the municipality to grant to others like franchises, and said: "But such cannot be said of the defendant who unlawfully occupies the streets and public grounds of the city in competition with the plaintiff."

"By its unlawful act defendant can and will take from the plaintiff a portion of its business. At the same time defendant is under no obligation to the city or its inhabitants, and is all the while maintaining upon the streets and public grounds of the city a public nuisance and the loss plaintiff sustains is to the defendant its fruits from its violation of the law."

As we have seen, the situation of the appellant here is quite different from the Natural Gas & Fuel Corporation in the Norphlet case, for it is not shown or alleged that it entered upon the streets and alleys of the village of West Memphis by authority from any one, but rather it would seem on the assumption that, as its services were

needed and welcomed by the inhabitants of the village, its occupancy would not be questioned and neglected to secure by contract the right from the landowners. Later on, when these streets and alleys, by virtue of the incorporation, became a part of the property of the municipality and subject to its regulation, the appellant acquired no greater right than it had before until it obtained from the proper municipal authorities permission to use the streets.

We have been unable to find, neither has counsel cited, any decision or text which is directly in point, but we think the general principle that one cannot challenge any statute or ordinance where he has no lawful interest in the subject-matter is controlling under the facts of the case at bar. It is true that the appellant is interested and may have expended considerable sums of money in the streets, but it merely assumed the right to do so, and therefore is in no position to challenge the validity of the ordinance in this case granting the privilege of using the streets of the municipality to another. *Thomas* v. *City of Missoula,* 70 Mont. 478, 226 Pac. 213; *Kansas City* v. *U. P. Ry. Co.,* 59 Kan. 427, 53 Pac. 468; *State* v. *Hoffman,* 159 Minn. 451, 199 N. W. 175; *Hazelton* v. *Atlanta,* 147 Ga. 207, 93 S. E. 202; *Board of Commissioners* v. *Reeves,* 147 Ind. 467, 46 N. E. 995; see also *Coffeyville Mining & Gas Co.* v. *Citizens Natural Gas Co.,* 55 Kan. 173, 40 Pac. 326; *Geneva-Seneca E. Co.* v. *E. P. & C. Co.,* 120 N. Y. Sup. 926; *Rambo* v. *Donnelly,* 9 Baxter (Tenn.) 418; *N. E. R. Co.* v. *Central Ry. & E. Co.,* 69 Conn. 4, 36 Atl. 1061; *Empire City, etc.* v. *Broadway, etc.,* 87 Hun 279, 33 N. Y. S. 1055; *Butt* v. *Colbert,* 24 Tex. 355; *Arpin* v. *Valdes,* 1 Porto Rico Fed. Rep. 394.

By act of the General Assembly, *supra,* any corporation organized for the purpose of generating, transmitting and supplying electricity for public use was permitted to construct its lines over the public highways. Therefore appellant's rights to the use of the highway running through the village stands upon a different footing to its occupancy of the streets. Appellant rightfully

used the highway for the erection of its lines and was rightfully using it at the time the municipality was formed. The statute, however, did not give it, or any other company of like character, the exclusive privilege, but any other company incorporated for a similar purpose or as many as might be formed might use the same highway, the only limitation to such use with respect to the appellant being that occupancy ought not to be allowed to injure or interfere with the physical property of the appellant. As appellee corporation was organized for the purpose of generating and transmitting electricity for public use, it, too, was privileged to use the highway, and the appellant cannot complain on that score.

Decree affirmed.

HUMPHREYS, J., dissents.