## MEYER CONST. CO. et al. v. CORBETT et al.

No. 3697.

District Court, N. D. California, S. D.
June 27, 1934.

Norman A. Eisner, of San Francisco, Cal., for complainants.

U. S. Webb, Atty. Gen., and H. H. Linney, Asst. Atty. Gen., for defendants.

Before WILBUR, Circuit Judge, and ST. SURE and LOUDERBACK, District Judges, as a statutory court.

LOUDERBACK, District Judge.

The petition in this case alleges that the plaintiffs are California corporations and individuals who have contracts with the United States of America to construct and erect certain buildings and constructions on Hamilton Field, Marin county, Cal. The constructions on Hamilton field are in preparation of the use of Hamilton Field as a United States bombing base. Hamilton Field is the property of and under the exclusive jurisdiction of the United States of America. The plaintiffs are purchasing the necessary lumber, cement, iron, steel, and other materials which are necessary for the construction of the above constructions. Some of the purchases of such materials are made by the plaintiffs from retailers at Hamilton Field; other purchases are made from retailers in various sections of California, other than Hamilton Field; some of such materials being fabricated at shops and foundries and then taken to Hamilton Field.

The complaint alleges that the retailers from whom materials would be purchased refuse to sell the materials unless the plaintiffs pay the tax provided for in the California Retail Sales Tax Act of 1933, California Statutes 1933, chapter 1020 (page 2599).

Section 3 of chapter 1020 (page 2600) of the Retail Sales Tax Act of 1933 provides: "For the privilege of selling tangible personal property at retail a tax is hereby imposed upon retailers at the rate of two and one-half per cent of the gross receipts of any such re-

tailer from the sale of all tangible personal property sold at retail in this State. * * *"

Section 8½ (page 2602) provides: "The tax hereby imposed shall be collected by the retailer from the consumer in so far as the same can be done. * * *"

The complainants allege that if they pay the tax it will impede and hamper the United States of America to a greater or less degree in carrying out the functions of the government, for the cost of public works will be increased by the amount of the tax. The complainants seek to have the collection of the tax by the defendants, under the California Retail Sales Tax Act of 1933, upon the materials being used by the complainants in the erection of structures on Hamilton Field, enjoined; and to have the act declared unconstitutional and void because the imposition of a sales tax upon such materials is unconstitutional, and because the act takes property of the plaintiffs, as consumers, without due process of law.

A motion was made by the defendants to dismiss the petition. This motion is based upon the ground that this court has no jurisdiction, and the further ground that the petition does not state facts sufficient to constitute a cause of action or ground of complaint to entitle plaintiffs to any relief.

May the plaintiffs raise the issue that the Retail Sales Tax Act affects the United States of America? The fact that the plaintiffs have contracts with the United States of America for the construction of certain structures on a government reservation does not constitute the plaintiffs an agency or instrumentality of the United States of America. Therefore, the purchase by the plaintiffs of materials, as set forth, cannot be looked upon as a purchase by the United States of America. The plaintiffs are not the proper parties to raise the issue that the United States of America will be hampered or impeded by the collection of a sales tax as here set forth. Trinityfarm Construction Co. v. Alice Lee Grosjean, 54 S. Ct. 469, 78 L. Ed. 918 (March 5, 1934), and the cases cited therein.

May the plaintiffs, as corporate and private individuals, raise the issue of the constitutionality of the California Retail Sales Tax Act of 1933? The following sections of the act are pertinent to that issue:

Title of act "An act imposing a tax for the privilege of selling tangible personal property. * * *"

Sec. 3 (page 2600). "For the privilege of selling tangible personal property at re-

618

tail a tax is hereby imposed upon retailers. "*    *    * "

Sec. 9 (page 2602). "The tax levied hereunder shall be a direct obligation of the retailer. *    *    * "

Sec. 22 (page 2606). "All taxes not paid to the board by the retailer on the date when the same becomes due and payable, shall bear interest. *    *    * "

Sec. 24 (page 2606): "If fraud or evasion on the part of a retailer is discovered by the board, it shall    *    *    *    assess the same against the retailer. *    *    * "

Sec. 27 (page 2609). "Every retailer shall keep such records    *    *    *    in such form as the board may require.

"The board    *    *    *    is hereby authorized to examine    *    *    *    records    *    *    * of any retailer in order to verify the accuracy of any return made. *    *    * "

█ The act clearly shows that the tax here in question is a tax on the retailer and not on the consumer. It is true that section 8½ of the act says: "The tax hereby imposed shall be collected by the retailer from the consumer in so far as the same can be done. *    *    * "

But that does not make the tax a consumer's tax. The provisions relating to the collection by the retailer from the consumer authorize or grant permission to the retailer to reimburse himself for the tax which he must pay to the state to be allowed to sell tangible personal property at retail. That this was the legislative intent is shown by section 9, paragraph 3 of the act, which reads: "The board may by regulation provide that the amount collected by the retailer from the consumer, in reimbursement of taxes imposed by this act, shall be displayed separately from the list, advertised in the premises, marked or other price on the sales check or other proof of sale."

The Retail Sales Tax Act creates the relationship of sovereign power and taxpayer between the state and the retailer, and not between the state and the consumer. If this tax on retailers for the privilege of doing a retail business is unconstitutional, the proper parties to raise the constitutional question are the parties upon whom the tax is levied. If the tax is imposed upon retailers for the privilege of selling tangible personal property at retail, calling for sale and delivery into, or sale in, territory within the exclusive jurisdiction of the federal government, the person whose constitutional right might be affected is the retailer whose privilege of doing a retail business is being taxed.

No one of the plaintiffs is a retailer of tangible personal property, and no one of them is therefore a proper person to be heard to oppose state legislation upon the ground of its repugnance to the Federal Constitution. Jeffrey Manufacturing Co. v. Blagg, 235 U. S. 571, 576, 35 S. Ct. 167, 59 L. Ed. 364; Arkadelphia Milling Co. v. St. Louis S. W. Railway Co., 249 U. S. 134, 149, 39 S. Ct. 237, 63 L. Ed. 517.

The preliminary injunction issued on April 4, 1934, is vacated. The motion to dismiss is granted.