## GEORGIA MUSIC OPERATORS ASSOCIATION *v.* CITY OF ATLANTA *et al.*

No. 11651. FEBRUARY 10, 1937.

*Samuel L. Eplan,* for plaintiff.

*J. C. Savage, C. S. Winn,* and *Bond Almand,* for defendants.

RUSSELL, Chief Justice. Georgia Music Operators Association (an association of persons and firms who place coin-operated musical instruments in commercial establishments such as restaurants, lunch-rooms, cafés, etc., in the City of Atlanta, under contract with the proprietor of any such establishment, whereby the members of the association and such proprietors share the profits derived from the playing of such machines by the customers of the proprietors, by inserting a five-cent coin, thereby producing music which serves to advertise the place of business as well as furnish entertainment to the customers), together with H. J. Aubry, Maxie Brown, and J. C. Jackson, proprietors of lunch-stands or cafés in said city, filed their petition, in behalf of themselves and all others similarly situated, to enjoin the City of Atlanta, its chief of police, and two named police officers, from enforcing against the plaintiffs and all others similarly situated an ordinance of the city

requiring an annual license of $250 for "dancing acadamies or halls," this license not to be "granted until written petition for same shall have been investigated," and from prosecuting them for doing business without such licenses; alleging that they do not operate any dance-halls or acadamies, but only small places of business wherein are placed one of the music machines of the association, and if one of their customers places a coin in such machine it produces music, and such customer may, if he or she so desires, dance to some extent upon the limited space in the plaintiffs' café or lunch-room; that said ordinance does not apply to the plaintiffs, and they should not be prosecuted for failure. to obtain such license; that they and many other persons similarly situated are persons of limited means and have only small invest-ments in their little businesses, and for the defendants to apply the dance-hall ordinance to them, and require them to pay a $250 license as for a dance-hall or academy, would amount to a confis-cation of their property, and said license tax if so applied to them would be excessive and confiscatory, in violation of article 1, sec-tion 1, paragraphs 2 and 3, of the constitution of this State, which provide that "Protection to person and property is the paramount duty of government, and shall be impartial and complete," and that "No person shall be deprived of life, liberty, or property, except by due process of law." The defendants' demurrer to the petition was sustained on the ground that "The plaintiff has an adequate remedy at law, and can offer his defense if cited before the recorder on a charge of violating a city ordinance." The Georgia Music Operators Association excepted.

■ The complainant in a suit for injunction must have such an interest in the subject-matter thereof as will entitle him to the relief sought. It does not appear that any effort was being made by defendants to enforce the ordinance in question or any other ordinance against the Georgia Music Operators Association, or that this association had any such interest to protect as would entitle it to enjoin, in a proper case, the enforcement thereof against the other plaintiffs. Equity will not entertain a petition to enjoin the enforcement of an alleged unconstitutional law, where the complainant does not show that such enforcement is attempted against his personal or property rights. In *Plumb* v. *Christie*, 103 *Ga.* 686 (30 S. E. 759, 42 L. R. A. 181), it was said: "It

is a well-settled rule of law that equity will not grant relief to any one who seeks to enjoin that which in no wise affects his rights of person or property. One seeking such relief must show a threatened wrong to himself, an invasion of some legal right, and some interest in preventing a wrong sought to be perpetrated. Before a law can be attacked by any citizen on the ground of its unconstitutionality, he must show that its enforcement is an infringement upon his rights of person or property." See *Reid* v. *Eatonton,* 80 *Ga.* 755 (6 S. E. 602); *Nelms* v. *Pinson,* 92 *Ga.* 441 (17 S. E. 350); *Plumb* v. *Christie,* supra; *Hazelton* v. *Atlanta,* 147 *Ga.* 207 (4) (93 S. E. 202); Tyler *v.* Judges, 179 U. S. 405, 410 (21 Sup. Ct. 206, 45 L. ed. 252).

■ It appears from the bill of exceptions that the plaintiffs demurred to a part of the answer of the defendants, and that the judge overruled the demurrer. There is in the bill of exceptions no assignment of error on that ruling, and the record or bill of exceptions does not contain the answer or the order overruling the plaintiff's demurrer, nor were they specified as part of the record to be transmitted to this court. In these circumstances no question is presented for decision relative to the overruling of such demurrer.

■ As to the plaintiff who excepted there was no error in dismissing the petition on demurrer. The other plaintiffs did not except, and are not parties. No question as to their rights is here decided.            *Judgment affirmed. All the Justices concur.*