## EX-CELL-O CORPORATION v. CITY OF CHICAGO et al.

### AMERICAN CAN CO. v. SAME.

#### Nos. 7237, 7334.

Circuit Court of Appeals, Seventh Circuit.

Nov. 14, 1940.

Owen Rall, of Chicago, Ill., for appellant Ex-Cell-O Corp.

Andrew D. Collins, of Chicago, Ill., for appellant American Can Co.

Barnett Hodes, Corp. Counsel, Walter V. Schaefer and Chas. P. Horan, Assts. Corp. Counsel, and Alfred Kamin, all of Chicago, Ill., for appellees.

Before EVANS and TREANOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

In 7237 plaintiff is a manufacturer of patented machines for the production of paper milk bottles. It licenses certain milk distributors in Chicago to make and sell such bottles and collects valuable license fees therefor dependent upon the number of bottles made and sold. In 7334, plaintiff is a manufacturer of similar bottles which it sells for profit to dairy companies in Chicago. In each complaint, plaintiff sought to obtain a declaratory judgment that the milk ordinance of the City of Chicago does not prohibit the use of paper milk containers, or if it does, that it is invalid. The District Court held that neither plaintiff had any such direct interest in the purpose of the suits as to enable it to maintain the action. From the resulting judgment dismissing the complaint, each plaintiff appeals.

The general rule controlling the decision in this cause is announced by the Supreme Court in Massachusetts v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 601, 67 L. Ed. 1078, as follows: "The party who invokes the power must be able to show, not only that the statute is invalid, but that he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement, and not merely

that he suffers in some indefinite way in common with people generally."

The immediate question, therefore, is whether either plaintiff is sustaining or in danger of sustaining some direct injury. It is obvious that each plaintiff has an ultimate pecuniary interest in the practical results of the alleged invalid ordinance or the averred erroneous interpretation of the ordinance by the municipal authorities. Is that interest direct, growing out of direct injury within the meaning of the Supreme Court's announcement? As to this, the parties are in sad disagreement.

■■■ The courts may, at the suit of proper parties, determine, whether specific acts are unconstitutional or invalid under the law. They may, under similar circumstances, determine whether actions of administrative officials in interpretation and administration of legislative acts, violate the constitutional or legal rights of the suitor. In either instance the power of the court is the same, namely: To determine whether constitutional provision or legislative enactment is transcended either by the legislative act itself or by the administration thereof. This power of judicial determination is delicate in character, one to be exercised with caution and care, for it may result in disapproval of acts of the legislative department or of actions of the executive department, both co-ordinate branches of the government. This care, this caution has been proverbially observed by the courts, lest in their zeal to prevent what they deem unjust, they exceed their judicial authority, assert an unwarranted superiority over their co-ordinate governmental branches and invade fields of policy preserved to the legislative arm or the realm of· administrative discretion lodged in the executive branch. Obviously such determination may not be had at the suit of any and all members of the public or in an ex parte proceeding. It can be secured only at the suit of one directly and not remotely interested.

In the present case the American Can Company is not engaged in the distribution of milk. It manufactures and sells paper bottles. The ordinance complained of or the administrative acts of defendants in interpretation and administration thereof, in no wise forbid such manufacture and sale. The act, as interpreted by defendants, is asserted by them to forbid the use of paper milk bottles in Chicago. Defendant is free to manufacture and to sell such bottles wherever it may desire, even in Chicago. Obviously, few, if any, persons will purchase them for use there, but that result we deem incidental, consequential and indirect. Were plaintiff forbidden to manufacture and sell paper milk bottles in Chicago, the effect upon its business would be direct and inevitable.

■■ Thus it is apparent that inevitable financial pecuniary damage is not the test of the sufficiency of plaintiff's interest. Otherwise the right to sue might be extended indefinitely to parties far removed, such as workmen in plaintiff's factories whose wages are reduced or lost because of lack of realization of profits by their employer. Just as clearly, privity of contract is not essential, for defendants are liable for their torts which directly affect the plaintiff, and for breach of their legal duties in that respect, defendants are liable in damages. Rather the whole question is whether the damage claimed springs directly to plaintiff from defendants. If it is incidental, if it is indirect, defendants may not invoke the court's jurisdiction. In L'Hote v. City of New Orleans, 177 U. S. 587, 20 S.Ct. 788, 793, 44 L.Ed. 899, the question presented was whether an ordinance of New Orleans prescribing limits outside of which no woman of lewd character should dwell deprived plaintiffs of their property rights. Plaintiffs owned real estate adjacent to the limited area and alleged that the enforcement of the ordinance would wholly destroy or substantially depreciate the value of their estate. The court held that their property was not directly touched by the legislative action but was affected only in an incidental and consequential way, saying: "Here the ordinance in no manner touched the property of the plaintiffs. It subjected that property to no burden, it cast no duty or restraint upon it, and only in an indirect way can it be said that its pecuniary value was affected by this ordinance. * * * Under these circumstances we are of the opinion that the ordinance in question is not one of which the plaintiffs in error can complain."

In Sproles v. Binford, D.C., 52 F.2d 730, 733, a court of three judges was convened at the suit of the Wichita Falls Motor Company et al. to determine the validity of a state statute which limited the size and weight of motor vehicles operated on the public highways of the state. The Wichita Falls Company was engaged in

the manufacture and sale of motor vehicles of the prohibited size. By the act their market in Texas was destroyed,—an effect similar to that upon plaintiff in the present instance. The court said: "The Wichita Falls Motor Company is not using the highways. The basis of its complaint is that it is now, and has been for many years, engaged in the manufacture and sale (frequently on credit) of a (and yet has many on hand), which, uncertain type or certain types of vehicles der the act, it alleges cannot be used on the public highways of Texas, and it therefore cannot sell them, nor collect for those already sold, and that its business will be wrecked by the enforcement of this act. It relies upon Pierce v. Society of the Sisters, 268 U.S. [510] 532, 45 S.Ct. 571, 69 L.Ed. [1070] 1077, 39 A.L.R. 468, and other similar cases. Such cases, however, are, we think, distinguishable from the case here presented by the motor company. We think the injury alleged by it is too remote to bring it within the rule of such cases."

Other instances of judicial refusal to entertain suits at the instance of parties similarly situated are Georgia Music Operators Association v. City of Atlanta, 183 Ga. 794, 190 S.E. 32; Davis & Farnum Mfg. Co. v. Los Angeles, 189 U.S. 207, 23 S.Ct. 498, 47 L.Ed. 778; Connelly v. Department of Agriculture & Markets et al., 162 Misc. 73, 293 N.Y.S. 711; Meyer Const. Co. v. Corbett, D.C., 7 F.Supp. 616; Arkansas Power & Light Co. v. West Memphis Power & Water Co., 184 Ark. 206, 41 S.W.2d 755; Danciger et al. v. American Express Co., 247 Mo. 209, 152 S.W. 302; Cumberland Pipe Line Co. v. Commonwealth, 228 Ky. 453, 15 S.W.2d 280; Amalgamated O. G. Corp. v. City and County of San Francisco, D. C., 263 F. 617.

In Davis & Farnum Mfg. Co. v. Los Angeles, 189 U.S. 207, 23 S.Ct. 498, 501, 47 L.Ed. 778, the court held that plaintiff, a subcontractor with a gas company to erect a gas works upon premises pursuant to a permit granted the landowner for the erection of the gas works, could not, though he had partially constructed the tank, complain of an ordinance subsequently passed which forbade building gas works in the area where this was located. The court said:

"The plaintiff in this case stands practically in the position of one who seeks to take advantage of the unconstitutionality of a law in which it has only an indirect interest, and by the enforcement of which it has suffered no legal injury. In this it stands much in the position of the plaintiff in Tyler v. Judges of the Court of Registration, 179 U.S. 405, 21 S.Ct. 206, 45 L.Ed. 252, and in Turpin v. Lemon, 187 U.S. 51, 23 S.Ct. 20 [47 L.Ed. 70]; [In re] Wellington, 16 Pick. [Mass.] 87, 96, 26 Am.Dec. 631; Sinclair v. Jackson, 8 Cow. [N.Y.] 543; Jones v. Black, 48 Ala. 540; Shehane v. Bailey, 110 Ala. 308, 20 So. 359; Dejarnett v. Haynes, 23 Miss. 600. * * *

"As the appellant has shown no legal interest in this litigation, and no lack of a complete and adequate remedy at law, it results that the bill was properly dismissed, and the decree of the court below is therefore affirmed."

Where plaintiff complained that the statute arbitrarily deprived him of his rights because it required trucks carrying coal entering New York to proceed to the nearest licensed scales to be weighed and that he had been thereby deprived of his business, the court said, in Connelly v. Department of Agriculture & Markets et al., 162 Misc. 73, 293 N.Y.S. 711, 717: "Unquestionably the requirement of the statute that the driver of a truck conveying anthracite upon crossing the state line shall proceed to the nearest licensed weighmaster's scales, has resulted detrimentally to plaintiff's business. * * * The statute in no way restricts, restrains, or changes the rights or authority of the plaintiff as a licensed weighmaster. By a provision which does not directly affect the plaintiff, and of which there may be the gravest doubt as to its validity, business of the plaintiff has been diverted. He has sustained a loss of patronage, not because he has been deprived of any right vested in him, not because he has been restricted in the exercise of the privileges his license as a weighmaster entitles him to enjoy, but because of the enactment of a requirement resting upon individuals engaged in a business with which he is not directly connected or concerned. The plaintiff is in the position of one who seeks a determination that a statute is unconstitutional, without showing that his rights or privileges are restricted, curtailed, destroyed, or directly affected by the provisions of such statute."

In Meyer Const. Co. v. Corbett, D.C., 7 F.Supp. 616, plaintiffs who were consumers sought to restrain the collection of a sales tax in California which was imposed upon retailers but under the statute was collected by the retailers from the consumers. The court dismissed the petition because the plaintiffs were without right to maintain the suit.

The application of the principles announced, if correct, is decisive of plaintiff's rights. Here plaintiff is not using milk bottles in the distribution of milk in Chicago. It is manufacturing and selling them. Its market in Chicago, by the actions complained of, may be removed and destroyed. Yet it may proceed to manufacture and sell wherever it desires including Chicago. It is only indirectly and remotely interested and the damage accruing to it is only remotely consequential and incidental. Christman v. United States, 7 Cir., 74 F.2d 112, at page 114.

Plaintiff relies upon Savage v. Jones, 225 U.S. 501, 32 S.Ct. 715, 56 L.Ed. 1182. In our opinion the decision is not applicable for the reason that the jurisdiction of the court was invoked and sustained because of unwarranted interference with interstate commerce in the original package and the statute operated upon plaintiff directly as it required him to file a certificate and to affix a prescribed label. His interest was, therefore, direct. Station WBT v. Poulnot, D.C., 46 F.2d 671, likewise, has to do with the right of plaintiff to engage freely in interstate commerce. In Buchanan v. Warley, 245 U.S. 60, 38 S.Ct. 16, 17, 62 L.Ed. 149, L.R.A. 1918C, 210, Ann.Cas.1918A, 1201, plaintiff sold to a colored man real estate in a section where it was illegal for a colored person to occupy land, and, except for the ordinance, plaintiff was entitled to specific performance. The statute was a bar to the relief. He was directly interested in his right to sell property. The court said: "The right of the plaintiff in error to sell his property was directly involved and necessarily impaired because it was held in effect that he could not sell the lot to a person of color who was willing and ready to acquire the property, and had obligated himself to take it."

Similar cases of direct interest are to be found in other cases cited by plaintiff, such as Callaghan & Co. v. Smith, 304 Ill. 532, 136 N.E. 748, where the statute directly invaded plaintiff's business of publishing statutes by an unconstitutional grant of special privilege to its competitor; Dugan v. Bridges, D.C., 16 F.Supp. 694, where plaintiff, if it did not comply with the statute, incurred penalties, and Pierce v. Society of the Sisters, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070, 39 A.L.R. 468, where plaintiffs, proprietors of schools, sued to enjoin enforcement of a statute which compelled children to be sent to public schools. The court held that plaintiffs were invoking protection against arbitrary, unreasonable and unlawful interference with plaintiffs' business, resulting in eventual destruction of property rights.

We doubt that there is any real distinction between the suit of the holder of a monopoly franchise for public utility purposes against the alleged illegal acts of the licensor in granting another franchise in violation of the terms of plaintiff's and the suit of plaintiff in the present instance. An example of the former is Arkansas Power & Light Co. v. West Memphis Power & Water Co., 184 Ark. 206, 41 S.W.2d 755. It is immaterial that public utilities enjoy a monopoly granted by special franchise. The question decided in the case cited was whether plaintiff, which had spent much money in the pursuance of its franchise, had a right to sue. The decision was in the negative. So here plaintiff is complaining of an alleged wrongful exercise of the police powers of the state and though it has spent some money in making paper bottles, its interest in the alleged invalidity of the actions complained of is even more remote than that of the utility company holding an unlimited franchise. We agree with the District Court's conclusion that plaintiff was without right to sustain the action.

In 7237 Ex-Cell-O Corporation is even more remotely interested. It is one step further removed from the object of the legislation, for it is the manufacturer and licensor of machines built to manufacture paper milk bottles which it has leased to distributors in the City of Chicago. It follows that our conclusion with regard to the rights of the American Can Company must be the same as to those of the Ex-Cell-O Corporation.

The judgments of the District Court are affirmed.