{¶ 60} I disagree. I would sustain appellant's first, second and fifth assignments of error. "'If you want to excite prejudice you must do so at the close, so that the jurors may more easily remember what you said.'" U.S. v. Antonelli Fireworks Co., 115 F.2d 631, 642 *Page 17 
(2d Cir. 1946)(Frank, J. dissenting, quoting Aristotle, Rhetoric, Bk. III, Ch. 14). The clear suggestion in rebuttal argument was that the "defense" concocted a "plan" to subvert justice by exercising control over the complainant, Jeff Mays. It was not a mere suggestion that defendant alone sought to induce the complainant to drop charges, but a reminder of the direct implication made early in the trial by the prosecuting attorney that defense counsel himself was part of some criminal conduct. "The prosecutor is expected to refrain from impugning, directly or by implication, the integrity or institutional role of defense counsel." U. S. v. Bennett, 75 F.3d 40, 46 (1st
Cir. 1996) (Internal citation omitted).
 {¶ 61} The highly inflammatory closing remark made by the prosecuting attorney was not appropriate nor fair rebuttal in the first instance as the defense did not argue in summation that the complainant sought to drop charges. Although defense counsel did not object during closing, the trial court bears some responsibility for controlling closing argument, ensuring that the case is decided on relevant evidence and proper inferences. At an absolute minimum, a firm rebuke initially given to the prosecuting attorney during the State's case in chief may have prevented the further poisoning of the defense at closing. Such poisonous suggestions truly need no elaboration. The defense was vilified with no opportunity to respond.
 {¶ 62} This is at least the third time this prosecutor's actions are an issue on appeal. In both State v. Furlow (August 29, 1989), Montgomery App. No. 11140 and State v. Miller (Sept. 22, 2000), Montgomery App. No. 18011, we reminded counsel, "The first duty of a prosecutor is to serve the system of justice and the court. The duty to 'win' is secondary. The prosecutor's goal is a fair trial. As a lawyer, the prosecutor may not 'state or allude to any matter that he has no reasonable basis to believe is relevant to the case or that will not be supported by admissible evidence' and may not 'intentionally or habitually violate any *Page 18 
established rule of procedure or evidence'." Tenacious advocacy is one thing; a repetitious pattern of inflammatory, improper statements and/or questions is quite another. And in this action, the improper remarks went beyond disparagement of counsel and his role. The State of Ohio also crossed the line in utilizing a "community conscience argument." A prosecuting attorney acts improperly when she arouses jury prejudices that are incendiary and distracting.
 {¶ 63} Faith in our system of justice demands that trials not only appear to be but should actually be fair. Although there was overwhelming evidence Jeff Mays was the victim of a near fatal beating, the evidence was not overwhelming as to whom amidst a cast of three inflicted the injuries. Virtually every witness was high on cocaine at the time of the offense, and each provided conflicting testimony. The testimony given by the State's witnesses and defense witnesses was sharply in conflict, rendering credibility crucial. It is impossible to measure the impact the prosecutorial misconduct herein had upon deliberations and assessing credibility.
 {¶ 64} I would also conclude that Gay has met the Strickland standard. Performance of defense counsel was deficient in many respects. Defense counsel not only failed to demand a mistrial after highly inflammatory remarks from the prosecuting attorney, but also failed to request a standard jury instruction on the use of prior convictions. I'd further note, although not addressed by appellate counsel that the record reveals a pretrial deposition of the complainant, Jeffrey Mays, is replete with prior inconsistent statements under oath. These statements were key fodder for cross-examination of the complainant. However, none of these prior inconsistent statements were utilized by defense counsel. It is clearly not sound trial strategy to ignore prior statements under oath which exculpated the accused.
 {¶ 65} A man should not be punished for an act, however horrific and criminal it may *Page 19 
be, until he has been justly and fairly convicted.
 {¶ 66} I would reverse the judgment of conviction. *Page 1